UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BRANDON W. LATIMER | CIVIL ACTION NO. 11-CV-806 |
| VERSUS | JUDGE MELANCON |
| CHET MORRISON CONTRACTORS | MAGISTRATE JUDGE HANNA |

**RULING AND ORDER**

Before the Court is Plaintiff's Motion to Quash Deposition (Rec. Doc. 90) filed on October 30, 2013 seeking to quash a deposition properly noticed for November 1, 2013. Expedited consideration was not requested, however, the motion was opposed by the defendants on October 31, 2013. (Rec. Doc. 91) For the reasons set out below, the motion is DENIED.

The defendants noticed the deposition of a non-party witness, Shawn Ryan, for 8:00 a.m. on Friday, November 1, 2013, in Mobile, Alabama. Ryan is identified to be a former employee of Chet Morrison Contractors and was the plaintiff's supervisor on the date of the accident made subject of this litigation. Ryan resides in Alabama, outside the subpoena power of this Court. He is not a party to this litigation, nor is he currently affiliated with or employed by any party. He is considered by the defendants to be a critical witness in this case. Because he cannot be subpoenaed to appear for trial, the defendants seek to perpetuate his testimony by deposition.

The deposition notice served upon the plaintiff on October 17, 2013 indicates the defendants' intent to take the videotaped deposition of Ryan "for perpetuation and all other purposes."(Rec. Doc. 91-1, p. 1) The defendants assert that the date was mutually agreed upon with plaintiff's counsel Mr. Riley, and it was selected to accommodate the witness's difficult schedule.  The defendants further point out that the witness agreed to the deposition on his way home from offshore employment, and therefore, it is unlikely cancellation can be communicated to the witness at this late date creating an unnecessary hardship for the witness.

There is no objection to the notice or the scope/necessity of the deposition, rather, On October 28, 2013, a Motion to Withdraw as Counsel of Record was filed by plaintiff's counsel, Mark L. Riley, citing "irreconcilable differences" between the plaintiff and his attorney regarding how to proceed in this matter[1]. (Rec. Doc. 88) That motion is set for hearing on November 6, 2013.  At present, Mr. Riley remains as 'enrolled counsel' for Brandon Latimer, and he remains available to participate in the deposition on Mr. Latimer's behalf.

In the motion, however, Mr. Riley represents that "there is a real issue *in*

---

[1] Latimer was previously represented by another attorney, who sought and was granted leave to withdraw as counsel in July, 2012. (Rec. Docs. 38, 44)

*Mr. Latimer's mind* over whether it is appropriate for Mr. Riley to defend the deposition and Mr. Latimer is not in a position on this notice to do so himself." (Rec. Doc. 90-1) (Emphasis added) With all due respect to the plaintiff's concern, this Court does not have such an issue.

   Mr. Riley is personally known by this Court to have over 30 years experience as a litigator in the area of personal injury and accidents in the workplace, and his capabilities, zeal, ethics and professionalism in representing his clients are not questioned by this Court in **any** respect. He is a member of a firm rated "AV" by the Martindale-Hubbell Rating System and has been personally rated "AV" by his peers in that Rating System demonstrating his capabilities and ethics are above reproach.  He is well respected both personally and professionally in the community in which he lives.

   Further, Mr. Riley is bound as an attorney under the Rules of Professional Conduct to represent his client zealously within the bounds of the law, and the record demonstrates that he has admirably done so in this matter.  Therefore, this Court is confident that Mr. Riley can and will adequately represent the interests of the plaintiff in the deposition at issue.

   The record will reflect that Mr. Latimer has traveled this path before with the attorney who originally filed this suit on his behalf. [Rec. Doc. 38, 42, 44] This

case was set for trial in the very near future with the pre-trial conference only a week away and the issue with Mr. Latimer's perceived dissatisfaction with his attorney's performance has arisen yet again. It has created unnecessary uses of judicial resources and this Court will not countenance further unnecessary delay and expense to the parties (and non-parties) on misperceptions by the plaintiff as to the professional performance by his attorney(s).

The Court has discretion pursuant to Fed.R.Civ.P. 26(c) to issue an order forbidding discovery if it is to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." The plaintiff has not met its burden to allow this deposition, which was properly noticed, to be cancelled at this late date on the grounds set forth.

For these reasons, in the exercise of the Court's discretion, the Motion to Quash is DENIED. Participation by the plaintiff or his attorney may be by telephone.

Signed at Lafayette, Louisiana this 31st day of October, 2013.

_____
Patrick J. Hanna
United States Magistrate Judge