UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BRANDON W. LATIMER                         CIVIL ACTION NO. 11-CV-806

VERSUS

CHET MORRISON CONTRACTORS        MAGISTRATE JUDGE HANNA

**RULE 54(b) FINAL JUDGMENT**

On October 9, 2013, this Court granted the Motion for Summary Judgment by Defendant Chet Morrison Contractors, and the claims of Plaintiff Brandon W. Latimer against Defendants Chet Morrison Contractors and Charles Endom were dismissed, with prejudice.[Rec. Doc. 81]. On May 30, 2014, the remaining claims of Plaintiff Brandon W. Latimer against the remaining defendants El Paso Natural Gas Company, LP and Tennessee Gas Pipeline Company, L.L.C. were also dismissed, with prejudice. [Rec. Doc. 120]. All claims of Plaintiff against all defendants have now been dismissed, leaving for litigation only the Cross-claim of El Paso Natural Gas Company LP against Chet Morrison Contractors, LLC and the Third-Party Demand by El Paso Natural Gas Company LP and Tennessee Gas Pipeline LLC against Underwriters at Lloyds London. [Rec. Doc. 84] These claims seek contractual indemnity, triggering consideration of the issues and principles set out in *Meloy, et al v. Conoco, Inc.*, 504 So.2d 833 (La. 1987) as to whether the indemnitees are entitled to reimbursement of their defense costs, notwithstanding the potential

application of the Louisiana Oilfield Anti-Indemnity Act, as they have been found free from fault by summary judgment.[1] The claims cannot be resolved until a final judgment is issued on the liability issues presented in the main demands which have been dismissed by this court, but which remain non-appealable until the remaining cross-claim and third-party demand have been prosecuted to a final judgment. On this record, it is the determination of the undersigned that there is no just reason for delay of Plaintiff Brandon W. Latimer's right to appeal the decisions dismissing his claims, especially since further delay will also delay the progress of the remaining claims. This finding is consistent with Fed. Rule Civ. Proc. 54(b), which provides in part:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. Proc. 54(b).

A district court is to exercise its authority to certify claims for appeal under Rule 54(b) "in the sound interest of judicial administration," taking into account such factors as "whether the claims under review were severable from others remaining to

---

[1] See also 817 F.2d 275 (5th Cir 1987).

be adjudicated and whether the nature of the claim to be determined that such no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corporation v. General Electric Company*, 446 U.S. 1, 8 (1980); *H & W Industries, Inc. v. Formosa Plastics Corporation, USA*, 860 F.2d 172 (5th Cir.1988). Whether to certify a judgment as final is up to the discretion of the trial judge, which is not subject to second guessing by the court of appeal. *H & W Industries*, 860 F.2d at 175. Rule 54(b) reflects a balancing of two policies, i.e., avoiding the danger of hardship or injustice through a delay which could be alleviated by an immediate appeal and avoiding piecemeal appeals. *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir.2000).

On application of the provisions of Rule 54(b) to the fully developed record in the instant case, it is the finding of the undersigned that the plaintiff's issues as decided in the judgments referenced herein are ripe for determination by the court of appeals, and such determination is "patently in the interests of sound judicial administration." *Skinner v. W.T. Grant Co.*, 642 F.2d 981, 984 (5th Cir.1981). Therefore, this Court finds the judgments referenced herein should be designated as final judgments so as to allow for immediate appeal. On that finding,

**IT IS HEREBY ORDERED** that the Judgments of October 9, 2013 [Rec. Doc. 81] and May 30, 2014 [Rec. Doc. 120] be certified and entered as final judgments under

Federal Rule of Civil Procedure 54(b);

**IT IS FURTHER ORDERED** that the Clerk of this Court is to enter **FINAL JUDGMENT** pursuant to Rule 54(b) as to only the individual claims by Plaintiff Brandon J. Latimer, leaving for prosecution the remaining Cross-claim of El Paso Natural Gas Company LP against Chet Morrison Contractors, LLC and the Third-Party Demand of El Paso Natural Gas Company LP and Tennessee Gas Pipeline LLC against Underwriters at Lloyd's London [Rec. Doc. 84].

Signed at Lafayette, Louisiana, this 6th day of June, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge